UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DUKE PARTNERS II, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br><br>NICHOLE K. VONQUERNER; PAUL VONQUERNER,<br><br>    Defendants. | Case No. 5:16-cv-05542-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT**<br><br>Re: Dkt. Nos. 2, 6 |

Defendant Paul Vonquerner removed this unlawful detainer action from the Santa Cruz County Superior Court. He also seeks leave to proceed in forma pauperis (IFP). Plaintiff Duke Partners II, LLC moves to remand this matter to the state court. This court has received no opposition to that motion, and the time for submitting one has passed. The matter is deemed suitable for determination without oral argument, and the November 15, 2016 hearing is vacated. Civ. L.R. 7-1(b). Having reviewed the record, and for the reasons stated below, the undersigned grants the IFP application, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In

evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Defendant qualifies financially for IFP status, and his IFP application therefore is granted. Even so, he cannot proceed in this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, defendant says his federal constitutional rights have been violated, and he argues that trust deeds are governed by federal law. (Dkt. 1, Notice of Removal, 2, 11). However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction. Plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever.

Defendant nevertheless argues that removal is proper under 28 U.S.C. § 1443(1), which

"provides an exception to the well-pleaded complaint rule, allowing a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that 'cannot [be] enforce[d]' in the state courts." Deutsche Bank Nat'l Trust Co. v. Young, No. C-14-3170 EMC, 2014 WL 7336696, at *1 (N.D. Cal., Dec. 23, 2014) (citing 28 U.S.C. § 1443(1) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966)).[1] A successful petition for removal under Section 1443(1) must satisfy a two-part test. First, the petitioner must assert, as a defense, "rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citations omitted). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Here, defendant has not met the first requirement. "Supreme Court and Ninth Circuit precedent undoubtedly limit removal under section 1443(1) to only cases where it is predicated upon racial discrimination." Baldini Real Estate, Inc. v. Cruz, No. 15-cv-2932 YGR, 2015 WL 4760510, at *2 (N.D. Cal., Aug. 12, 2015) (citations omitted). Defendant says that his First, Fifth, Ninth, and Fourteenth Amendment rights "and the Civil Rights Act" have been violated. He also broadly asserts that state procedures authorizing evictions discriminate "against Ethnic-Surname Americans" and violate rights secured by 42 U.S.C. § 1981 and § 1982. (Dkt. 1 at 3, 7, 11). But, the gravamen of defendant's Notice of Removal is that he allegedly has suffered discrimination based on his status "as a homeowner," "homeowner discrimination against the poor and in favor of the rich," and discrimination "against pro se litigants." (Id. at 5, 9, 13).

Even if defendant were able to satisfy the first requirement of 28 U.S.C. § 1443(1), he has not met the second. The challenged state law, California Civil Code § 2924, sets out certain notice requirements in connection with non-judicial foreclosure and provides that certain types of

---

[1] Defendant does not claim that removal of this matter is based on 28 U.S.C. § 1443(2), and there is nothing to indicate that defendant has any right of removal under that subsection of the statute anyway. See Peacock, 384 U.S. at 824 (holding that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights").

communications are privileged. It contains no facially discriminatory language or any provision that purports to command the state courts to ignore defendant's federal rights. And, while defendant argues that the state court is one of "limited jurisdiction," he has not shown that he will be unable to enforce any federal rights there. See Deutsche Bank Nat'l Trust Co., 2014 WL 7336696 at *1 ("As the Supreme Court has explained, '[u]nder our system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'") (quoting Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 823 (1990)).

As for defendant's argument that removal is proper under 28 U.S.C. § 1334(b), that statute governs jurisdiction over cases under title 11 of the bankruptcy code. "As this unlawful detainer action arises under state law and not under the federal bankruptcy code, federal question jurisdiction fails on this basis as well." Norcal Homes Investment Group, LLC v. Tamayo, No. 12–cv–04938 NC, 2012 WL 5520479, at *2 (N.D. Cal., Oct. 10, 2012); see also U.S. Bank, Nat'l Ass'n v. Bilbaeno, No. C12-01707 RMW, 2012 WL 3987317, at *1 (N.D. Cal., Sept. 7, 2012) (same).

Defendant expressly disclaims the existence of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1 at ECF p. 9). And, indeed, this court finds no basis for the exercise of jurisdiction under that statute. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. As a local defendant, Vonquerner cannot remove this case here. Spencer v. U.S. Dist. Ct. for Northern Dist. of California, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."); 28 U.S.C. § 1441(b)(2) (stating that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In any event, the complaint indicates that the amount in controversy does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at

1  *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

Based on the foregoing, the removal of this case was improper.  Defendant is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further RECOMMENDS that plaintiff's motion for remand be granted and that the newly assigned judge remand the case to the Santa Cruz County Superior Court.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  Fed. R. Civ. P. 72.

Dated:   October 27, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

5

1   5:16-cv-05542-HRL Notice has been electronically mailed to:

2   Sam Chandra     fax@chandra-law.com

3

4   5:16-cv-05542-HRL Notice sent by U.S. Mail on 10/27/2016 to:

5   Paul Vonquerner
6   15085 Big Basin Way
    Boulder Creek, CA 95006